IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

MICHAEL C. SHERIDAN, on behalf of
Himself and all others
similarly situated,

    PLAINTIFF,

v.                                             CIVIL ACTION NO. 5:23-cv-00616

ALLY FINANCIAL, INC.,

    DEFENDANT.

## CLASS ACTION COMPLAINT

1. Defendant Ally Financial, Inc. ("Ally" or "Defendant") routinely violates West Virgnia consumer protection law by passing along its own collection costs, payment processing fees ("Pay-to-Pay Fees"), to West Virginia borrowers. This complaint is an action to recover damages and prevent Defendant from illegally profiting from its law violations. Ally is an industry-leading automobile lender, who regularly passes its collection costs for monthly loan payments to borrowers when they make their payments by telephone or online ("Pay-to-Pay Transactions"). However, collection of Pay-to-Pay Fees in these transactions plainly violates West Virginia debt collection law ("CCPA").

2. Defendant is both a lender and debt collector, who cannot displace its own cost of collecting loan payments by having West Virginia borrowers pay its own payment processing costs. Such Pay-to-Pay Fees are not authorized either by the underlying loan agreements or by any applicable statute or regulation. And, West Virginia law under CCPA section 46A-2-128(c) defines "unfair or unconscionable means" of debt collection to include "[t]he collection or the attempt to collect from the consumer all or any part of the debt collector's fee or charge for services rendered." Even if Ally hired a third party to make its payment collections on its behalf, Ally

1

cannot pass the cost of such a third party collector to West Virginia borrowers without plainly violating the CCPA's prohibitions on unfair or unconscionable mean of debt collection.

3. Additionally, CCPA section 46A-2-128(c) prohibits the collection of any fee incidental to the principal obligation unless such fee is expressly authorized by *both* (1) the underlying loan agreement and (2) statute or regulation. Even if a Pay-to-Pay Fee was explicitly included in the RISC (which it is not), Defendant cannot charge it in West Virginia unless expressly authorized by statute. None of the Pay-to-Pay Fees are permitted by the RISC or by statute, and, therefore, Defendant violates West Virginia law by charging those fees. And, by charging these unauthorized Pay-to-Pay Fees, Defendant violates their contractual obligations to its borrowers.

4. Plaintiff Michael C. Sheridan paid these Pay-to-Pay Fees and brings this class action lawsuit individually and on behalf of all similarly situated putative class members to recover the unlawfully charged Pay-to-Pay Fees and to enjoin Defendant from continuing to charge these unlawful fees.

## PARTIES, JURISDICTION AND VENUE

5. Plaintiff Michael C. Sheridan is a resident of Frankford, Greenbrier County, West Virginia.

6. Ally Financial, Inc., ("Ally") is a corporation having its principal offices at 500 Woodward Avenue, 10th Floor, Detroit, Michigan, and which does business in West Virginia.

7. This Court has jurisdiction over Defendant because it conducts business in West Virginia and commits torts in West Virginia, as described in this Complaint.

8. Venue is proper because the cause of action accrued in this District.

9. Subject matter jurisdiction exists under the Class Action Fairness Act because

diversity exists between the Defendant and at least one class member, and the amount in controversy exceeds $5,000,000. *See* 28 U.S.C. 1332(d)(2).

**Factual Background**

*Ally's Auto Financing Industry*

10. Defendant is a massive player in the automotive finance industry and originated over $46.4 billion in consumer loans and leases involving automobiles in 2022 according to their latest annual report – $30.1 billion of which involved used cars like the subject of this Complaint. Ally claims that it brought in $2.3 billion in pre-tax income in its automotive finance business for 2022.

11. According to their 2022 Annual Report, "Ally continues to drive deeper dealer relationships, with applications of 12.5 million across more than 23,000 dealers[]" while boasting revenue increases on the tail of an increase in retail auto charge-offs "as credit normalizes from historic lows."

12. Ally's strategy in the auto loan origination field is to build a relationship with a dealer and, when a consumer purchases a vehicle from that dealer utilizing debt, have the dealer assign the purchase and financing to Ally. Ally essentially purchases the right to collect on the debt (and the interest) from the dealer.

13. As Defendant collects the debt from the borrower, it manages the monthly payment collection through online or telephone payment processing systems. Each time a borrower utilizes one of these systems or services, Defendant charges borrowers a "service fee" ("Pay-to-Pay Transaction") of up to $4.00.

14. Typically, a lender will use a vendor to process the transaction. The usual cost that a lender like Defendant pays to process Pay-to-Pay Transactions is $.30 or less per transaction.

However, the Pay-to-Pay Fees here cost over 1300% more, as Ally (or its vendor) collects $4.00 per transaction. Either, Defendant is making a hefty profit through Pay-to-Pay Fees or has negotiated a price with a third party vendor Pay-to-Pay Fees that are well above the market rate. Because Defendant is impermissibly passing along its collection costs to West Virginia consumers, Defendant does not care how much high the Pay-to-Pay Fees are compared to market rates.

15. The contract terms of Defendant's loan agreements with borrowers do not authorize them to collect Pay-to-Pay Fees.

16. There is no statute that authorizes Defendant to collect Pay-to-Pay fees.

17. In fact, West Virginia law prohibits the collection or the attempt to collect from the consumer all or any part of the debt collector's fee or charge for services rendered under *West Virginia Code* § 46A-2-128(c).

*Named Plaintiff's Facts*

18. Plaintiff entered into a Retail Installment Sale Contract in October of 2022 to purchase a used 2015 Ford Expedition from Greenbrier Ford, Inc. (the "Dealer").

19. Subsequently, the Dealer assigned the RISC and its interests in the contract to Ally.

20. Defendant has charged Plaintiff a $4.00 fee for making a payment over the telephone. When making a telephone payment, Plaintiff may either process it through an automated system or give the payment information through a representative. In either circumstance, the payment is processed electronically.

21. Further, Defendant has charged Plaintiff a $3.50 fee for making a payment over the Internet. When making an internet payment, Plaintiff may either process it through an automated system or give the payment information through a representative. In either circumstance, the payment is processed electronically.

22. The RISC has not entitled Defendant to assess fees for scheduled payments, electronic payments, online payments or telephone payments.

23. W. Va. Code § 46A-2-127(g) prohibits "[a]ny representation that an existing obligation of the consumer may be increased by the addition of attorney's fees, investigation fees, service fees or any other fees or charges when in fact such fees or charges may not legally be added to the existing obligation."

24. By charging or collecting Pay-to-Pay Fees, Defendant attempts to collect from Plaintiff a part of the Defendant's fee or charge for services rendered violated the law of West Virginia, i.e., the CCPA: See 46A-2-128(c).

25. By charging or collecting Pay-to-Pay Fees not authorized by the RISC, Defendant violated the law of West Virginia, i.e., the CCPA: See 46A-2-128(d).

## THE PROPOSED CLASS

26. Plaintiffs incorporate the preceding paragraphs by reference.

27. This action is also filed as a class action. Plaintiff, serving as a class representative, tentatively defines the class as follows: All persons (1) with an automobile loan securing a vehicle in West Virginia, (2) where the lender or assignee is Ally, (3) who paid a fee to Ally or its agent for making a loan payment by telephone or over the internet, by interactive voice recognition (IVR) or by other electronic means, during the applicable statutes of limitations through the date a class is certified.

28. Plaintiff reserves the right to refine the class definition in light of discovery and additional investigation.

29. The putative class is so numerous that joinder of all members is impractical.

30. There are questions of law and fact common to the putative class, which predominate over any questions affecting only individual class members, including but not limited to:

    a. Whether Defendant assessed Pay-to-Pay Fees on Class members;

    b. Whether Defendant violated the CCPA by charging customers for Pay-to-Pay Fees that are part of their fee or charge for services rendered;

    c. Whether Defendant violated the CCPA by charging Pay-to-Pay Fees not authorized by the loan agreement and by statute;

    d. Whether Defendant's business practices are unlawful;

    e. Whether Plaintiffs and the Class were damaged by Defendant's conduct;

    f. Whether Plaintiff and the Class are entitled to actual and/or statutory damages as a result of Defendant's actions; and

    g. Whether Plaintiff and the Class are entitled to attorney's fees and costs.

31. Plaintiff's claims are typical of the claims of the Class members. Defendant charged him a Pay-to-Pay Fee in the same manner as the rest of the Class members. Plaintiff and the Class members entered contracts that do not permit Pay-to-Pay charges.

32. Plaintiff will fairly and adequately protect the interests of the class. He has suffered pecuniary injury as a result of Defendant's actions and will, accordingly, vigorously litigate this matter. Plaintiff is greatly annoyed at being the victim of Defendant's illegal and fraudulent conduct and wishes to see that wrong remedied. To that end, Plaintiff has retained counsel experienced in claims involving unfair business practices and consumer protection.

33. Neither the Plaintiff nor his counsel has any interest that might prevent them from vigorously pursuing this claim.

34. A class action is a superior method for the fair and efficient adjudication of this particular claim and controversy.

35. The interest of putative class members in individually controlling and maintaining the prosecution of separate claims against Defendant is small, given the fact that they are unlikely to be aware of their legal rights and the amount of statutory or actual damages in an individual action is relatively small.

36. The management of this class claim is likely to present significantly fewer difficulties than those presented in many larger, and more complex, class actions.

37. As a proximate and/or foreseeable result of Defendant's wrongful conduct, each member of the putative class has suffered actual and/or statutory damages.

*CLAIMS BROUGHT INDIVIDUALLY AND ON BEHALF OF A CLASS*
**COUNT I**

**VIOLATING THE WEST VIRGINIA CONSUMER CREDIT AND PROTECTION ACT**

38. Plaintiff is a "person" who falls under the protection of Article 2 of the West Virginia Consumer Credit and Protection Act (herein "WVCCPA") and is entitled to the remedies set forth in Article 5 of the WVCCPA.

39. The Defendant is a debt collector as defined by West Virginia Code §46A-2-122(d) engaging directly or indirectly in debt collection as defined by West Virginia Code §46A-2-122(c) within the State of West Virginia, including Greenbrier County, West Virginia.

40. The Defendant has engaged in repeated violations of Article 2 of the West Virginia Consumer Credit and Protection Act, including but not limited to,

   a. using unfair or unconscionable means to collect a debt from Plaintiff in violation of West Virginia Code §46A-2-128;

7

b. collecting or attempting to collect collection fees or charges, in violation of West Virginia Code §46A-2-128(c);

c. collecting or attempting to collect fees, which are neither expressly authorized by any agreement creating or modifying the obligation or by statute or regulation, in violation of West Virginia Code § 46A-2-128(d);

d. utilizing fraudulent, deceptive or misleading representations or means regarding Plaintiff's auto loan status in an attempt to collect a debt or obtain information regarding Plaintiff in violation of West Virginia Code §46A-2-127;

e. representing that an existing obligation of the consumer may be increased by the addition of attorney's fees, investigation fees, service fees or any other fees or charges when in fact such fees or charges may not legally be added to the existing obligation in violation of West Virginia Code § 46A-2-127(g);

f. falsely representing or implying the character, extent, or amount of a claim against a consumer in violation of West Virginia Code § 46A-2-127(d); and

g. threatening to take any action prohibited by Chapter 46A of the West Virginia Code or other law regulating the debt collector's conduct in violation of West Virginia Code § 46A-2-124(f).

41. As a result of the Defendant's actions, Plaintiff and each member of the putative class have suffered actual and/or statutory damages.

## RELIEF SOUGHT

Plaintiff requests that the Court, on behalf of the Plaintiff and on behalf of all class members:

1. Certify this case as a class action under Rule 23 of the Federal Rules of Civil Procedure, and denominate Plaintiff as representative for the class and his undersigned counsel as counsel for the class;

2. As authorized by West Virginia Code § 46A-5-101(1), award a civil penalty to Plaintiff and all class members for each violation of any provision of Chapter 46A;

3. Award the actual or compensatory damages incurred by Plaintiff and all class members, including any overpayment of fees;

4. Award prejudgment and post-judgment interest at the proper rate allowed by law;

5. Award reasonable attorneys' fees and costs;

6. Award appropriate and necessary equitable relief for Plaintiff and class members;

7. Enter judgment against the Defendant and in favor of the Plaintiff and the class on all claims and declare Defendant's conduct illegal; and

8. Award all other relief deemed just and equitable.

THE PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE.

Dated: September 18, 2023

Respectfully Submitted,

BAILEY & GLASSER LLP

*/s/ Patricia M. Kipnis*_____
Patricia M. Kipnis, Esq. (WVSB #12896)
Email: PKipnis@baileyglasser.com
1622 Locust Street
Philadelphia, PA 19102
Tel. (215) 274-9331

Jonathan R. Marshall, Esq. (WVSB #10580)
Email: JMarshall@baileyglasser.com
209 Capitol Street
Charleston, WV 25301

Tel. (304) 345-6555

*Counsel for Plaintiff and Proposed Class Members*