## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
## AT BECKLEY

MICHAEL C. SHERIDAN,
*on behalf of Himself and all others*
*similarly situated*,

      Plaintiff,

v.                          CIVIL ACTION NO.  5:23-cv-00616

ALLY FINANCIAL, INC.,

      Defendant.

### MEMORANDUM OPINION AND ORDER

Pending are Defendant Ally Financial, Inc.'s ("Ally") Motion to Seal Unredacted Memorandum in Support of Motion for Summary Judgment, Unredacted Declaration of Chris Howell, and Exhibits F, G, & H to Howell Declaration [Doc. 73], filed March 3, 2025, Plaintiff Michael C. Sheridan's Integrated Motion and Supporting Memorandum of Law to File Certain Exhibits to Plaintiff's Motion for Partial Summary Judgment and the Unredacted Memorandum of Law in Support of Plaintiff's Motion for Partial Summary Judgment Under Seal [Doc. 75], filed March 3, 2025, Mr. Sheridan's Integrated Motion and Supporting Memorandum of Law to File Certain Exhibits to Plaintiff's Motion for Class Certification and the Unredacted Memorandum of Law in Support of Plaintiff's Motion for Class Certification Under Seal [Doc. 81], filed March 7, 2025, and Mr. Sheridan's Integrated Motion and Supporting Memorandum of Law to File and the Unredacted Memorandum of Law in Support of Plaintiff's Response to Defendant's Motion for Summary Judgment Under Seal [Doc. 84], filed March 17, 2025.

While documents may be protected if they contain confidential information, "[o]nce documents are made part of a dispositive motion, such as a summary judgment motion, they 'lose

their status of being raw fruits of discovery.'" *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 252 (4th Cir. 1988) (internal citation omitted); *see also United States ex rel. Oberg v. Nelnet, Inc.*, 105 F.4th 161, 171–72 (4th Cir. 2024). Accordingly, the Court will not seal a document simply because the parties have previously designated that document as "Confidential" during discovery.

According to Local Rule of Civil Procedure 26.4(c)(2), a motion to seal must be accompanied by a memorandum of law which contains:

> (A) the reasons why sealing is necessary, including the reasons why alternative to sealing, such as redaction, are inadequate;
>
> (B) the requested duration of the proposed seal; and
>
> (C) a discussion of the propriety of sealing, giving due regard to the parameters of the common law and First Amendment rights of access as interpreted by the Supreme Court and our Court of Appeals.

L.R. Civ. P. 26.4(c)(2). Public inspection of court documents "is necessary to allow interested parties to judge the court's work product in the cases assigned to it," and the Court will only seal documents when "exceptional circumstances" are present. *Id.* 26.4(c)(1); *Virginia Dep't of State Police*, 386 F.3d at 576 (quoting *Stone I*, 855 F.2d 178, 182 (4th Cir. 1988)) (stating that "[r]egardless of whether the right of access arises from the First Amendment or the common law, it 'may be abrogated only in unusual circumstances'").

### A. Ally's Motion to Seal

Ally seeks to seal (1) the unredacted version of its Memorandum in Support of Motion for Summary Judgment, (2) the unredacted Declaration of Chris Howell, and (3) Exhibits F, G, and H to Mr. Howell's Declaration. It contends "portions of the referenced memorandum and declaration contain excerpts from contractual documents that include confidential, commercially sensitive, and proprietary information of both Ally and third parties who are not named in this

action." [Doc. 73]. As directed by the Court, Ally filed declarations of the relevant third parties' corporate officials, averring the documents possess such confidential character. [Docs. 94–95].

After careful review, the Court finds that the potential risk posed by public disclosure of the confidential, proprietary, and commercially sensitive information Ally seeks to protect outweighs the public's interest in access to the information. Accordingly, the Court **GRANTS** the Motion. [**Doc. 73**]. The Clerk is directed to file the unredacted Memorandum in Support for Summary Judgement, unredacted Declaration of Chris Howell, and Exhibits F, G, and H to the Declaration of Chris Howell **UNDER SEAL**.

### B. Mr. Sheridan's Motions to Seal

Mr. Sheridan moves to seal certain exhibits and memoranda of law in support of his partial motion for summary judgment, motion for class certification, and response to Ally's motion for summary judgment. [Docs. 75, 81, 84]. Mr. Sheridan provided no memorandum of law in support of his motions to seal. He asserts the Protective Order [Doc. 36] limits disclosure of the confidential documents. Mr. Sheridan intends to use the confidential documents as exhibits to his memorandum of law in support of his partial motion for summary judgment and motion for class certification. [Docs. 75, 81].

Mr. Sheridan has not demonstrated with controlling precedent that a sealing order is authorized by law for certain exhibits attached to his motion for partial summary judgment and motion for class certification. As mentioned above, the Court will not seal a document simply because the parties have previously designated that document as "Confidential" during discovery.

For this reason, the Court **GRANTS AS MOULDED** Mr. Sheridan's Motions **[Doc. 75, 81, 84]** to the same extent Ally Financial, Inc.'s Motion to Seal is granted. Accordingly, the following may be filed under seal:

1. Mr. Sheridan's Unredacted Memorandum of Law in Support of his Motion for Partial Summary Judgment;

2. Exhibits G, H, and I to Mr. Sheridan's Motion for Partial Summary Judgment;

3. Mr. Sheridan's Unredacted Memorandum of Law in Support of his Motion for Class Certification;

4. Exhibits B, D, E, G, H, and I to Mr. Sheridan's Motion for Class Certification; and

5. Mr. Sheridan's Unredacted Memorandum of Law in Support of his Response to Defendant's Motion for Summary Judgment.

Inasmuch as Mr. Sheridan filed his motion for partial summary judgment and motion for class certification with attached placeholder exhibits, the Court hereby **STRIKES** Mr. Sheridan's noncompliant motions **[Docs. 76, 79]** and exhibits attached to the motions to seal **[Doc. 75, 81]**. Mr. Sheridan shall have until **April 18, 2025**, to file the motions with accompanying exhibits in compliance with this Order. Defendant shall have leave to seek additional time to file its response, if necessary, in accordance with the Court's revised briefing schedule. To the extent Ally desires to be heard on the matter of unsealing the subject exhibits identified by Mr. Sheridan, it may show cause in opposition of this unsealing directive on or before April 15, 2025.

The Clerk is **DIRECTED** to transmit copies of this Order to all counsel of record and any unrepresented parties.

ENTER:        April 11, 2025

Frank W. Volk
Chief United States District Judge

2