UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT BECKLEY

MICHAEL C. SHERIDAN,
on behalf of all others similarly situated,

    Plaintiff,

v.                                        CIVIL ACTION NO. 5:23-cv-00616

ALLY FINANCIAL, INC.,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending are Defendant Ally Financial, Inc.'s ("Ally") Motion to Strike Plaintiff's Deposition Errata Sheet [ECF 90], and Objections to the Magistrate Judge's Order on Ally's Motion to Compel [ECF 92], both filed April 1, 2025. Plaintiff Michael Sheridan responded in opposition to both Motions [ECF 100–01], to which Ally replied [ECF 112]. The motions are ready for adjudication.

I.

On December 2, 2024, Ally served its first set of interrogatories that sought "information and documents related to any conversations or communications Plaintiff had with individuals related to making payments towards his Ally Account and records regarding the same." [ECF 58, 92 at 3]. On January 17, 2025, Mr. Sheridan responded by objecting to the extent the request sought attorney-client communications. [ECF 70, Ex. A]. He further responded:

> In early to mid-April 2023, Plaintiff communicated with his personal counsel regarding his Ally loan. The substance of this communication is privileged as it pertains to advice. Irrespective of this communication and whether the fee was legal or not, Plaintiff made the subject payments in order to meet his loan obligations and to see whether Ally charged the subject fees. Plaintiff did so on his volition and not on advice of counsel.

[*Id.*]. Mr. Sheridan did not serve a privilege log with his response.

On February 14, 2025, Mr. Sheridan appeared for a videotaped deposition. [ECF 71, Ex. 4]. He testified that on April 25, 2023, he took an audio recording of himself making a $100 payment to ACI via telephone. [ECF 91 at 1]. In the recording, Mr. Sheridan stated, "I'm not sure how good this recording's gonna be . . . . So I'm gonna try to do it with my cell phone and hold the microphone up close to it and see if I can get you guys a recording." [*Id.*]. When asked who "you guys" referred to, Mr. Sheridan replied, "I don't know," and maintained it was not his attorney-son, Ben Sheridan. [ECF 71, Ex. 4 at 103:1–7].

After Mr. Sheridan's deposition, Ally requested production of supplemental documents, including "[a]ll communications with Ben Sheridan related to the payments on the Ally Account" and "[a] copy of Plaintiff's engagement letter or retainer agreement with any counsel representing him with respect to this matter." [ECF 70, Ex. H]. After Mr. Sheridan's counsel initially indicated they would supplement discovery responses, a redacted copy of Mr. Sheridan's communications with his personal counsel, Ben Sheridan, was provided to Ally along with a privilege log. [ECF 70, Ex. H–I].

On February 21, 2025, Ally filed a motion to compel discovery responses and production inasmuch as "subsequent correspondence with [Mr. Sheridan's] counsel, suggests that documents and information responsive to Ally's discovery requests have been improperly withheld." [ECF 70 at 1]. Specifically, it argues that while Mr. Sheridan denies communicating with anyone about the two April 2023 payments, evidence suggests he "worked in coordination

with his attorney-son . . . before and during the process of making payments." [*Id.*]. Such evidence, Ally contends, is highly relevant to Mr. Sheridan's adequacy as a class representative and available affirmative defenses in the matter. [*Id.* at 2]. On March 18, 2025, the Honorable Omar J. Aboulhosn, United States Magistrate Judge, denied Ally's motion to compel. [ECF 86]. Magistrate Judge Aboulhosn made the following conclusions: (1) that Ally's claim of waiver seemed "disingenuous" considering it had also failed to produce a privilege log, (2) that Mr. Sheridan did not "demonstrate bad faith or inconsistent responses," and (3) that there is "no reason or justification that any potentially conflicted discovery responses should undermine the attorney-client communications privilege." [*Id.* at 4].

On March 20, 2025, Mr. Sheridan submitted a deposition errata sheet, which states as follows:

> The answers at 103:4 and 103:7, "I don't know" are correct. At the time of my deposition, I did not know who specifically the "you guys" in the recording referred to, and at the time of the recording I did not know. I was asked if I "continued to maintain that it wasn't [my] son Ben Sheridan, the attorney"? and I responded, "I do." However, a more complete answer is that I prepared the recording for whomever would be my litigation counsel to advise me on my legal rights. I did not know at the time of the recording who that would eventually be; it may have included my son Ben Sheridan, but not only my son.

[ECF 90, Ex. 1]. Ally seeks to strike Mr. Sheridan's deposition errata sheet as improper. [ECF 90]. Specifically, it contends the errata sheet "attempts to substantively alter his deposition testimony by adding an after-the-fact explanation for his answers regarding who he was referring to in a recording he made while completing one of the April 2023 payments at issue in this case." [ECF 91 at 2]. Mr. Sheridan maintains the errata sheet does not constitute a substantive change to his testimony, but rather was submitted to provide "context for the parties on a non-dispositive issue of why he had prepared a recording of payments he was invited to make by Defendant and its agents." [ECF 100 at 5].

Ally further filed objections to Magistrate Judge Aboulhosn's order denying its motion to compel. [ECF 92]. It claims the order "ignores critical facts and is legally erroneous." [*Id.* at 1]. Specifically, it contends the order (1) failed to address whether Mr. Sheridan disclaimed attorney-client privilege by previously stating the subject payments were made without the advice of counsel, (2) failed to address whether Mr. Sheridan waived privilege by not timely producing a privilege log, and (3) Magistrate Judge Aboulhosn erred in denying an *in camera* review of the challenged communications. [*Id.* at 1–2].

## II.

### A.    *Motion to Strike*

*Federal Rule of Civil Procedure* 30(e)(1) provides:

> On request by the deponent or a party before the deposition is completed, the deponent must be allowed 30 days after being notified by the officer that the transcript or recording is available in which: (A) to review the transcript or recording; and (B) if there are changes in form or substance, to sign a statement reciting such changes and the reasons given by the deponent for making them.

Fed. R. Civ. P. 30(e)(1). The Rule explicitly permits a deponent to alter his/her testimony "in form or substance" upon completion of certain procedural directives. Specifically, the deponent's statement of the requested changes must provide "the reasons given by the deponent for making them." *Id.* "This [C]ourt, like most courts, will insist on strict adherence to the technical requirements of Rule 30(e)." *Holland v. Cedar Creek Min., Inc.*, 198 F.R.D. 651, 653 (S.D. W. Va. 2001) (citing A. Darby Dickerson, *Deposition Dilemmas: Vexatious Scheduling and Errata Sheets*, 12 Geo.J. Legal Ethics 1 (1998)); *see also DeLoach v. Philip Morris Companies, Inc.*, 206 F.R.D. 568, 572 (M.D.N.C. 2002) (stating there is a "wealth of [] cases in which courts have interpreted Rule 30(e) to permit all changes as long as the procedural requirements are satisfied.").

After careful review, and inasmuch as Ally does not allege Mr. Sheridan failed to follow the proper procedure, the Court finds Mr. Sheridan's deposition errata sheet is proper. The statement does not alter Mr. Sheridan's testimony in form or substance. Indeed, Mr. Sheridan states his "answers at 103:4 and 103:7, 'I don't know' are correct" and explained that "a more complete answer is that I prepared the recording for whomever would be my litigation counsel to advise me on my legal rights. I did not know at the time of the recording who that would eventually be; it may have included my son Ben Sheridan, but not only my son." [Doc. 90, Ex. 1]. The magistrate judge did not err in concluding the statement was given to clarify the record or to correct a response to a confusing question. Accordingly, Ally's Motion to Strike Plaintiff's Deposition Errata Sheet [**ECF 90**] is **DENIED**.

### B.     *Ally's Objections to Order Denying Motion to Compel*

*Federal Rule of Civil Procedure* 72(a) provides that when a magistrate judge adjudicates a non-dispositive pretrial matter, a party may object to that ruling within fourteen (14) days after being served with a copy of the decision. If a timely objection is made, "[t]he court 'must . . . modify or set aside any part of the [magistrate judge's nondispositive] order that is clearly erroneous or . . . contrary to law.'" *Wall v. Rasnick*, 42 F.4th 214, 220 (4th Cir. 2022) (emphasis omitted) (quoting Fed. R. Civ. P. 72(a)).

"A finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Blackledge*, 751 F.3d 188, 194 (4th Cir. 2014) (internal quotation marks omitted) (quoting *United States v. Hall*, 664 F.3d 456, 462 (4th Cir. 2012)). Put less elegantly, "[t]o be clearly erroneous, a decision must strike" the Court "as more than just maybe or probably wrong; it must . . . strike . . . [one] as wrong with the force of a five-week-old,

unrefrigerated dead fish." *Parts & Elec. Motors, Inc. v. Sterling Elec., Inc.*, 866 F.2d 228, 233 (7th Cir. 1988).

"The 'contrary to law' standard ordinarily suggests a plenary review of legal determinations, but many courts have noted that decisions of a magistrate judge concerning discovery disputes . . . should be afforded 'great deference.'" *In re Outsidewall Tire Litig.*, 267 F.R.D. 466, 470 (E.D. Va. 2010); *see also Neighborhood Dev. Collaborative v. Murphy*, 233 F.R.D. 436, 438 (D. Md. 2005) (stating "substantial deference [is often given] to a magistrate judge in considering" a ruling on a non-dispositive motion). "In light of the discretion given to a magistrate judge in the resolution of non[-]dispositive discovery disputes, the court should only overrule a magistrate judge's determination if this discretion is abused." *Blankenship v. Fox News, LLC*, 2:19-cv-00236, 2021 WL 2328004, at *3 (S.D. W. Va. June 8, 2021) (citing *Patrick v. PHH Mortg., Corp.*, 298 F.R.D. 333, 336 (N.D. W. Va. 2014)).

Ally contends Magistrate Judge Aboulhosn erred in denying its motion to compel inasmuch as the Order (1) "failed to consider whether Plaintiff . . . disclaimed privilege over communications regarding the April 2023 split payments" when "Plaintiff explicitly stated in his response to Ally's interrogatories that his decision to make the April 2023 split payment was not made on the advice of counsel," (2) failed to "assess whether Plaintiff waived privilege by failing to timely produce a privilege log," and, in the alternative, (3) that "it was clearly erroneous to deny *in camera* review of the communications withheld by Plaintiff." [ECF 92 at 1–2, 7]. Specifically, Ally asserts the Magistrate Judge's Order denied the motion "without any analysis or citation to applicable law." [*Id.* at 6]. While Ally is correct that the Order lacks citation to relevant legal authority, the Magistrate Judge did not err in concluding Mr. Sheridan did not waive his privilege and that an *in camera* review was not warranted under the circumstances.

As to Ally's first claim of error, Magistrate Judge Aboulhosn did address Mr. Sheridan's alleged disclaimer of privilege over the communications at issue. Indeed, Magistrate Judge Aboulhosn noted, "[t]o the extent that the Defendant has argued the Plaintiff has taken contrary positions in response to the Motion to Compel, . . . the undersigned observes that the Plaintiff's counsel provided a reasonable explanation for this via email to Defendant's counsel . . . . Thus, the Plaintiff's response to the instant Motion does not demonstrate bad faith or inconsistent positions." [ECF 86 at 4]; *see Herbalife Int'l, Inc. v. St. Paul Fire & Marine Ins. Co.*, No. CIV.A. 5:05CV41, 2006 WL 2715164, at *4 (N.D. W. Va. Sept. 22, 2006) ("waiver of a privilege extends only to those cases in which the offending party committed unjustified delay, inexcusable conduct or bad faith in responding to discovery."). In any event, although Mr. Sheridan stated he made the subject payment "on his own volition and not on advice of counsel," he also explicitly stated, "[i]n early to mid-April 2023, Plaintiff communicated with his personal counsel regarding his Ally loan. The substance of this communication . . . pertains to advice . . . . After he incurred the charge and brought it to the attention of his counsel, Plaintiff learned about the legal and factual basis as to why such fees are prohibited by law." [ECF 70, Ex. A]. The response does not contradict his claim of privilege.

As to Ally's second claim of error, "[f]ailure to timely produce a privilege log or the production of an inadequate privilege log *may* constitute a waiver of any asserted privileges." *Herbalife Int'l, Inc.*, 2006 WL 2715164, at *4 (emphasis added); *see also Rhodes v. Ingram*, No. 7:13-CV-192-BR, 2015 WL 1038136, at *4 (E.D.N.C. Mar. 10, 2015). "Given the sanctity of the attorney-client privilege and the seriousness of privilege waiver, courts generally find waiver only in cases involving unjustified delay, inexcusable conduct and bad faith." *Johnson v. Ford Motor Co.*, 309 F.R.D. 226, 234–35 (S.D. W. Va. 2015) (quoting *Smith v. James C. Hormel Sch. of Va.*

7

*Inst. of Autism*, No. 3:08cv00030, 2010 WL 3702528, at *5 (W.D. Va. Sept. 14, 2010)) (collecting cases); *see also Hall v. Sullivan*, 231 F.R.D. 468, 474 (D. Md. 2005) ("a court has broad discretion to decide on a case by case basis whether waiver is appropriate.").

As concluded by Magistrate Judge Aboulhosn, the evidence does not reflect unjustified delay, inexcusable conduct, or bad faith. Rather, Mr. Sheridan's delay (1) was not of considerable length (one month), (2) was justified under the circumstances, (3) Ally would not be prejudiced considering its failure to previously produce a privilege log when relying on the attorney-client privilege, [ECF 70, Ex. H at 2–3], and (4) the waiver would impose an excessively harsh result on Mr. Sheridan by exposing his communications with his long-term, personal counsel that were made for the purpose of seeking legal advice and were related to the present matter.[1]

Lastly, Ally challenges the Magistrate Judge's conclusion to forego conducting an *in camera* review of the communications at issue. As a general rule, "an *in camera* inspection is not *per se* required" and the decision of whether to conduct one is made in the court's discretion. *United States v. Maryland & Virginia Milk Producers Co-op. Ass'n, Inc.*, 974 F.2d 1333 (4th Cir. 1992). "Once a prima facie showing of a privilege has been made, an opposing party can justify *in camera* inspection of the documents by advancing 'a factual basis sufficient to support a reasonable, good faith belief that *in camera* inspection may reveal evidence that information in the materials is not privileged.'" *N.L.R.B. v. Interbake Foods, LLC*, 637 F.3d 492, 502 (4th Cir. 2011) (quoting *In re Grand Jury Investigation*, 974 F.2d 1068, 1074 (9th Cir.1992)). After careful review

---

[1] The following factors are relevant in determining whether good cause exists to avoid a possible waiver: "(1) the length of the delay or failure to particularize; (2) the reason for the delay or failure to particularize; (3) whether there was any dilatory or bad faith action on the part of the party that failed to raise the objection properly; (4) whether the party seeking discovery has been prejudiced by the failure; (5) whether the document production request was properly framed and not excessively burdensome; and (6) whether waiver would impose an excessively harsh result on the defaulting party." *Hall v. Sullivan*, 231 F.R.D. 468, 474 (D. Md. 2005).

of the record, the Magistrate Judge found "no reason or justification that any potentially conflicted discovery responses should undermine the attorney-client communications privilege." [ECF 86 at 4]. This Court agrees.

### III.

Based upon the foregoing discussion, the Court **DENIES** Defendant's Motion to Strike Plaintiff's Deposition Errata Sheet [**ECF 90**] and **OVERRULES** Defendant's Objections to Magistrate Judge's Order Denying Motion to Compel [**ECF 92**].

The Clerk is **DIRECTED** to transmit copies of this written opinion and order to all counsel of record and any unrepresented parties.

ENTER:    May 5, 2025

Frank W. Volk
Chief United States District Judge