## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### AT BECKLEY

MICHAEL C. SHERIDAN,
*on behalf of Himself and all others
similarly situated*,

       Plaintiff,

v.                          CIVIL ACTION NO.  5:23-cv-00616

ALLY FINANCIAL, INC.*,*

       Defendant.

### MEMORANDUM OPINION AND ORDER

Pending are Defendant Ally Financial, Inc.'s ("Ally") Motion for Summary Judgment [ECF 71], and Plaintiff Michael Sheridan's Motion for Partial Summary Judgment. [ECF 106]. The parties timely filed their responses and replies.[1] [ECF 83, 85, 87, 88]. The matter is ready for adjudication.

### I.

Mr. Sheridan, Plaintiff and class representative, executed a Retail Installment Sale Contract ("RISC") in October 2022 to purchase a used 2015 Ford Expedition from Greenbrier Ford, Inc. (the "Dealer"). [ECF 39 ¶ 18]. Ally, Defendant and lender, purchased Mr. Sheridan's RISC from the Dealer, thereby binding itself to the interests and obligations contained therein. [*Id.* ¶ 19].

---

[1] Also pending is Ally's Motion for Leave to File Notice of Supplemental Authority in Support of its Motion for Summary Judgment [ECF 123], filed May 15, 2025. The Court **GRANTS** the Motion for Leave. [**ECF 123**].

Ally provides its customers with various ways to make payments on their loans, including third-party payment processor ("TPPP") vendors. [ECF 71, Ex. 1-A; ECF 105, Ex. E]. Ally's TPPPs collect payments online or by telephone. [*Id.*]. Specifically, Ally uses ACI Pay ("ACI") as its TPPP for telephone payment transactions and CheckFreePay ("CFP") as its TPPP for internet payment transactions. [*Id.*]. Customers are notified they will be charged a fee when they use the TPPP options to make payments. [*Id.*]

The RISC's contract terms contain no provisions entitling Ally or its TPPPs to assess service fees for any related transactions, be they scheduled, electronic, online, or telephone payments. [ECF 71, Ex. 1-I; ECF 105, Ex. C]. In addition, there is no controlling statute authorizing Ally to collect these Pay-to-Pay fees, either directly or indirectly, from its borrowers. [ECF 39 ¶ 16]. Nonetheless, Mr. Sheridan -- and 15,021 West Virginians -- paid service fees when making requisite monthly payments to Ally via internet and telephone. [*Id.* ¶¶ 20–21; ECF 110 at 1].

On September 18, 2023, Mr. Sheridan instituted this action on behalf of himself and all others similarly situated. [ECF 1]. The Second Amended Class Action Complaint ("Complaint") alleges Ally "is an industry-leading automobile lender, who regularly passes its collection costs for monthly loan payments to borrowers when they make their payments by telephone or online." [ECF 39 ¶ 1]. Mr. Sheridan points to an express prohibition against service fees of this nature contained in the West Virginia Consumer Credit Protection Act ("WVCCPA"). [*Id.* ¶¶ 2, 17, 26–28]; *see* W. Va. Code §§ 46A-2-128(c), (d), (g). Plaintiffs contend Ally's practice of assessing these Pay-to-Pay fees absent statutory or contractual permission constitutes an "unfair or unconscionable" means of debt collection under West Virginia debt collection law. [ECF 39 ¶¶ 2–3].

2

As a result, Mr. Sheridan asserts a non-exhaustive list of various, repeated violations under Article 2 of the WVCCPA as follows:

1. "[U]sing unfair or unconscionable means to collect a debt from Plaintiff in violation of West Virginia Code §46A-2-128;"

2. "[C]ollecting or attempting to collect collection fees or charges, in violation of West Virginia Code §46A-2-128(c);"

3. "[C]ollecting or attempting to collect fees, which are neither expressly authorized by any agreement creating or modifying the obligation or by statute or regulation, in violation of West Virginia Code §46A-2-128(d);"

4. "[R]epresenting that an existing obligation of the consumer may be increased by the addition of attorney's fees, investigation fees, service fees or any other fees or charges when in fact such fees or charges may not legally be added to the existing obligation in violation of West Virginia Code §46A-2-127(g);"

5. "[F]alsely representing or implying the character, extent, or amount of a claim against a consumer in violation of West Virginia Code § 46A-2-127(d); and"

6. "[T]hreatening to take any action prohibited by Chapter 46A of the West Virginia Code or other law regulating the debt collector's conduct in violation of West Virginia Code § 46A-2-124(f)."

[*Id.* ¶¶ 43(a)–(c), (e)–(f)]; *see* W. Va. Code §§ 46A-2-127 to -128; *see also* W. Va. Code § 46A-2-124(f).

Ally seeks summary judgment and Mr. Sheridan seeks partial summary judgment. [ECF 71, 106]. Ally maintains the TPPPs are not engaged in "debt collection" and the WVCCPA does not apply to mere payment processing fees. [ECF 72 at 2]. Additionally, Ally contends there is no agency relationship between Ally and the TPPPs, and Ally receives no portion of the payment processing fees. [*Id.*]. Finally, Ally contends Mr. Sheridan's Section 46A-2-124(f) and 46A-2-127

claims must fail inasmuch there is no evidence supporting the essential elements required to sustain them.[2] [*Id.*].

Conversely, Mr. Sheridan contends he is a "natural consumer" obligated to pay a debt, that Ally -- through its TPPPs -- is a debt collector engaged in debt collection, and an agency relationship exists between Ally and its TPPPs. [ECF 107 at 8–12]. Mr. Sheridan further contends Ally's representations were false and misleading in violation of Section 46A-2-127 inasmuch as it had no legal right to assess the fees against consumers. [*Id.* at 15–16].

## II.

*Federal Rule of Civil Procedure* 56 provides that summary judgment is proper where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The burden is on the nonmoving party to show that there is a genuine issue of material fact for trial. *Anderson v. Liberty Lobby*, *Inc.*, 477 U.S. 242, 246 (1986). "The nonmoving party must do so by offering 'sufficient proof in the form of admissible evidence' rather than relying solely on the allegations of her pleadings." *Guessous v. Fairview Prop. Invs., LLC*, 828 F.3d 208, 216 (4th Cir. 2016).

The Court must "view the evidence in the light most favorable to the [nonmoving] party." *Tolan v. Cotton*, 572 U.S. 650, 657 (2014) (internal quotation marks and citation omitted); *Variety Stores, Inc. v. Wal-Mart Stores, Inc.*, 888 F.3d 651, 659 (4th Cir. 2018). "When cross-motions for summary judgment are before a court, the court examines each motion separately,

---

[2] Mr. Sheridan responded in agreement that his Section 124(f) claim should be dismissed. Accordingly, Ally's Motion for Summary Judgment [ECF 71] is **GRANTED** as to Mr. Sheridan's Section 46A-2-124(f) claim.

4

employing the familiar standard under Rule 56 of the Federal Rules of Civil Procedure." *B-21 Wines, Inc. v. Bauer*, 36 F.4th 214, 221 (4th Cir. 2022).

### III.

The pending cross-motions renew the following fundamental questions raised during the motion to dismiss stage: (1) whether Ally and the TPPPs are engaged in "debt collection," (2) whether there is an agency relationship between Ally and the TPPPs, and (3) whether Ally made "fraudulent, deceptive, or misleading" representations.

After careful review of the evidentiary record, the Court will not revisit the arguments relating to debt collection and agency inasmuch as it has already addressed the parties' nearly identical contentions in the prior August 8, 2024, Memorandum Opinion and Order. The mere progression of the case to an alternative procedural posture does not warrant reconsideration where the arguments remain unchanged, and the developed evidentiary record does not alter the Court's prior analysis. As such, the Court declines to reexamine the matters. Those considerations aside, there remains a clear, genuine dispute of material fact as to whether the TPPPs are engaged in "debt collection" and whether an agency relationship exists between Ally and the TPPPs. Accordingly, the cross-motions are **DENIED** as to the Section 46A-2-128 claims.

There remains, as well, the extant factual question of whether the representations made by Ally were "fraudulent, deceptive, or misleading," in violation of Section 46A-2-127. Mr. Sheridan maintains that Ally's representations to consumers regarding the ways they can pay their loans are false and misleading inasmuch as it has no legal right to assess payment processing fees assessed when utilizing the TPPPs. Such a claim, Mr. Sheridan admits, hinges upon the illegality

of the processing fees as alleged above under Section 46A-2-128. Accordingly, summary judgment is inappropriate, and the cross-motions are **DENIED** as to the Section 46A-2-127 claims.

## IV.

Based on the foregoing discussion, the Court **ORDERS** as follows respecting the pending motions:

1. Ally's Motion for Summary Judgment [**ECF 71**] is **GRANTED IN PART** and Mr. Sheridan's claim under Section 46A-2-124(f) is **DISMISSED**.

2. Mr. Sheridan's Motion for Partial Summary Judgment [**ECF 106**] is **DENIED**.

The Clerk is directed to transmit copies of this written opinion and order to all counsel of record and any unrepresented parties.

ENTER:        July 22, 2025

Frank W. Volk
Chief United States District Judge

6