UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT BECKLEY

MICHAEL C. SHERIDAN,
on behalf of all others similarly situated,

    Plaintiff,

v.                              CIVIL ACTION NO. 5:23-cv-00616

ALLY FINANCIAL, INC.,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending is Defendant Ally Financial, Inc.'s ("Ally") Motion to Stay Pending Ruling on Rule 23(f) Petition for Appeal [ECF 132], filed August 5, 2025. Plaintiff Michael C. Sheridan responded in opposition [ECF 137], to which Ally replied [ECF 138]. The matter is ready for adjudication.

**I.**

In summary, on March 7, 2025, Mr. Sheridan filed a Motion for Class Certification under the following definition:

> All West Virginia consumers identified by the Defendant with a West Virginia mailing address (1) with an automobile loan securing a vehicle with a Contract and Garage State in West Virginia, (2) where the lender or assignee is Ally, (3) who paid a fee to ACI or CheckFreePay for making a loan payment by telephone or over

    the internet, by interactive voice recognition (IVR) or by other electronic means, from four years before the filing of the complaint through the date a class is certified.

[ECF 113 at 2]. On July 22, 2025, the Court granted the Motion for Class Certification. [ECF 131]. On August 5, 2025, Ally timely filed its Petition for Leave to Appeal Class Certification Order Pursuant to Federal Rule of Civil Procedure 23(f). [ECF 134].

## II.

    An appeal pursuant to *Federal Rule of Civil Procedure* 23(f) "does not stay proceedings in the district court unless the district judge or the court of appeals so orders." A district court retains "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *see also Summer Rain v. Donning Company Publishers, Inc.*, 964 F.2d 1455, 1461 (4th Cir. 1992). Determining whether to stay a proceeding "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936). The applicant must "justify . . . [the relief sought] by clear and convincing circumstances outweighing potential harm to the party against whom it is operative." *Williford v. Armstrong World Indus., Inc.*, 715 F.2d 124, 127 (4th Cir. 1983). "[A] federal court is permitted to stay proceedings in a case properly before it while awaiting the decision of another tribunal." *See also Aikens v. Ingram*, 652 F.3d 496, 506 (4th Cir. 2011) (quoting *United States v. Mich. Nat'l Corp.*, 419 U.S. 1, 4 (1974) (cleaned up).

    Several factors guide the exercise of discretion: "(1): the interests of judicial economy; (2) hardship and equity to the moving party if the action is not stayed; and (3) potential prejudice to the non-moving party," which are "drawn from the Supreme Court's decision in

*Landis* [*v. North American Company*]." *White v. Ally Financial Inc.*, 969 F. Supp.2d 451, 462 (S.D. W. Va. 2013) (cleaned up) (citing *Landis v. North American Company*, 299 U.S. 248, 255 (1936)); *see generally Knapp v. Am. Honda Motor Co.*, No. 5:21-CV-00502, 2023 WL 3261664, at *2 (S.D. W. Va. May 4, 2023) (applying *Landis* factors in determining whether to grant discretionary stay); *Cnty. Comm'n of Fayette Cnty., W. Virginia v. Nat'l Grid NE Holdings 2 LLC*, No. 2:21-CV-00307, 2023 WL 1784759, at *2 (S.D. W. Va. Feb. 6, 2023) (same); *Settle v. Stepp*, No. 2:18-CV-01177, 2020 WL 8184395, at *1 (S.D. W. Va. Oct. 14, 2020) (Copenhaver, J.) (same); *Ohio Valley Env't Coal. v. Bluestone Coal Corp.*, No. CV 1:19-00576, 2020 WL 5914524, at *1 (S.D. W. Va. Oct. 6, 2020) (applying the *Landis* factors in determining whether to grant discretionary stay rather than a similar, five-factor test espoused in *Dale v. Jordan*, No. 2:16CV733, 2017 WL 11507178, at *1 (E.D. Va. Feb. 27, 2017)); *Carlton & Harris Chiropractic, Inc. v. PDR Network, LLC*, No. CV 3:15-14887, 2018 WL 11412001, at *1 (S.D. W. Va. Apr. 30, 2018) (applying *Landis* factors in determining whether to grant discretionary stay).

Other courts use the factors set out in *Hilton v. Braunskill*, including "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." 481 U.S. 770, 777 (1987). *See generally Stafford v. Bojangles Restaurants, Inc.*, No. 3:20-CV-266-MOC, 2024 WL 203234, at *1 (W.D.N.C. Jan. 18, 2024) (applying the *Hilton* factors in determination of whether to grant discretionary stay after an appeal pursuant to Rule 23(f)); *Kay Co., LLC v. EQT Prod. Co.*, No. 1:13-CV-151, 2017 WL 6403009, at *1 (N.D. W. Va. Oct. 3, 2017) (same).

### III.

The parties rely on the *Hilton* factors for their arguments. *Hilton v. Braunskill*, 481 U.S. 770, 777 (1987). Ally argues a stay is warranted because (1) it is likely to succeed on the merits of its appeal, (2) a stay would promote judicial economy by preventing the waste of judicial resources on class-wide discovery disputes later mooted by a ruling from the United States Court of Appeals for the Fourth Circuit; (3) a stay would avoid irreparable injury to the parties by wasting resources because, in the event the appeal is successful, "there will be no need for notice to the class, and most likely, no further litigation"; and (4) a stay would avoid the possible confusion of providing notice -- that may need to be retracted afterwards -- to over 15,000 purported class members. [ECF 133 at 3–4]. Ally further contends the purpose behind Rule 23(f) supports granting a stay so as to "'spare the parties and the district court the expense and burden of litigating the matter to final judgment only to have it inevitably reversed' by the Fourth Circuit." [ECF 133 at 3 (quoting *Lienhart v. Dryvit Sys., Inc.*, 255 F.3d 138, 145 (4th Cir. 2001))].

Mr. Sheridan responds (1) Ally is unlikely to succeed on the merits, (2) Ally fails to demonstrate an irreparable injury if the stay is denied, (3) the class members would be harmed by a delay because they would be denied their statutory right to receive notice, and (4) the public interest favors denying the motion to stay because "this case affects thousands of West Virginians' rights as class members to proceed to trial." [ECF 137 at 2–3].

Ally contends it will suffer "irreparable harm in the form of substantial additional expense[s]." [ECF 138 at 2]. Further, Ally asserts the public interest supports granting the stay inasmuch as it would be inefficient and a waste of resources to proceed on a path that may result in the need to send multiple conflicting notices to the class. [*Id.* at 4.]

The *Landis* factors weigh in favor of granting a stay. First, judicial economy is served -- and hardship to Ally avoided -- by sidestepping unnecessary expense and effort if the ruling is modified on appeal. Additionally, there is no apparent prejudice to the class resulting from a temporary stay. Indeed, stay relief avoids the widespread confusion likely to be caused by a subsequently retracted or modified class notice.

### IV.

Accordingly, the Court **STAYS** all proceedings herein pending the outcome of Ally's Petition for Leave to Appeal Class Certification Order Pursuant to Federal Rule of Civil Procedure 23(f) and **RETIRES** this matter to the inactive docket.

The Clerk is directed to transmit copies of this written opinion and order to all counsel of record and any unrepresented parties.

ENTER: September 5, 2025

Frank W. Volk
Chief United States District Judge